\*\* E-filed September 27, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIRGILIO and TEODORA ORCILLA,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants.<br>_____/ | No. C10-03931 HRL<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**[Re: Docket No. 6]** |

Homeowner plaintiffs Virgilio and Teodora Orcilla (the "Orcillas") filed suit against defendants Bank of America, N.A., BAC Home Loans Servicing, L.P., Recontrust Company, N.A., Mortgage Electronic Registration Systems, Inc., and Big Sur, Inc. (collectively, "Defendants") in federal court on September 1, 2010 for committing alleged improprieties in relation to their home mortgage. (Docket No. 1.) The Orcillas' complaint alleges a bevy of state law violations as well as violations of their Fifth Amendment procedural due process rights and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO").

A week later, the Orcillas removed an unlawful detainer action from state court, and it was originally assigned to this Court as well. *See Big Sur, Inc. v. Orcilla, et al.*, No. C10-04002 JW. The unlawful detainer action also involved issues related to the Orcillas home mortgage, and the plaintiff in the unlawful detainer action, Big Sur, Inc., is a defendant in this action.

United States District Court
For the Northern District of California

With their unlawful detainer case in federal court, the Orcillas filed a motion in this case to relate the two actions. (Docket No. 6 ("Motion").) The bases of their motion to relate are that both actions concern the same parties, property, transaction, and event (specifically, the purportedly "fraudulent Trustee's Sale" of the Orcillas' property) and that it would be "unduly burdensome and create a duplication of labor and expenses for the cases to be conducted by different judges and in separate actions," which could result in "conflicting results." (Motion at 2.)

A few days later, though, this Court issued a Report and Recommendation that the Orcillas' removed unlawful detainer action be remanded to state court on the ground that subject-matter jurisdiction did not exist as the complaint "states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever."[1] (*Big Sur, Inc. v. Orcilla, et al.*, No. C10-04002 JW, Docket No. 6 at 3.) The unlawful detainer action was then reassigned to Judge Ware, and he subsequently adopted the Report and Recommendation in full and remanded the case back to state court. (*Big Sur, Inc. v. Orcilla, et al.*, No. C10-04002 JW, Docket No. 19.)

## DISCUSSION

Civil Local Rule 3-12 allows for the relation of cases in certain instances. (*See* Civ. L. R. 3-12.) However, since the Orcillas' removed unlawful detainer action was remanded to state court, there is no longer any other federal case with which to relate to this action. Nor does the fact that the Orcillas' have a pending federal action (this case) allow for this Court to "re-remove," so to speak, the Orcillas' unlawful detainer action simply because the two cases may be related. *See Residential Funding Real Estate Holdings, LLC v. Chavez*, No. C10-04488 MMM (JCGx), 2010 WL 3220065, at *1 (Aug. 12, 2010) ("A case cannot be removed on the basis that the claims it raises are related to claims asserted in a separate federal action.") (citations omitted); *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D. Pa. 1995) ("Section 1367 allows plaintiffs to bring federal claims in federal court even though combined with state-law claims that would not otherwise be within the federal court's jurisdiction. The statute is not, however, an independent source of removal jurisdiction. . . . An already-existing federal action cannot provide the mechanism for removal of a non-removable state court action."); *Chase v. Auerbach*, No. CIV. A. 94-5892, 1994

---

[1] Nor did the complaint on its face establish that diversity be a valid basis for subject-matter jurisdiction. (*See Big Sur, Inc. v. Orcilla, et al.*, No. C10-04002 JW, Docket No. 6 at 3.)

WL 590588, at *1-2 (E.D. Pa. Oct. 26, 1994) ("The removal statute provides that a state court action over which the district court has 'original jurisdiction' may be removed; it does not say that a state court action which is related to an entirely separate action over which the district has original jurisdiction may be removed."). In this circumstance, then, the Court must deny the Orcillas' motion.

**IT IS SO ORDERED.**

Dated: September 27, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **C10-03931 HRL Notice will be electronically mailed to:**

2  Teodora Orcilia          lglbgl@live.com
   Virgilio Orcilla         lglbgl@live.com
3

4  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28