**United States District Court**
For the Northern District of California

1                                     ** E-filed December 16, 2010 **

2

3

4

5

6

7                           NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

| | |
|---|---|
| VIRGILIO ORCILLA, et al., | No. C10-03931 HRL |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| v. | |
| BANK OF AMERICA, N.A., et al., | **[Re: Docket No. 23]** |
| Defendants. | |
| _____/ | |

## BACKGROUND

This case arises out of a 2006 home mortgage loan and subsequent foreclosure involving plaintiffs Virgilio and Teodora Orcilla ("Plaintiffs") and defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC"), ReconTrust Company N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Big Sur, Inc. ("Big Sur") (collectively, "Defendants"). The loan is secured by Plaintiffs' real property located at 2975 Winwood Way in San Jose, California.

Plaintiffs fell behind on their monthly mortgage payments and sought a loan modification pursuant to the Home Affordable Modification Program ("HAMP") agreement entered into between the United States federal government and Bank of America.[1] Under this program, individual loan

_____

[1] In October 2008, Congress passed the Emergency Economic Stabilization Act ("EESA"). 12 U.S.C. § 5201. The EESA allocated money to the U.S. Department of the Treasury ("Treasury") to restore liquidity and stability to the financial system and also established the Troubled Asset Relief Program, which was intended to reduce foreclosures. 12 U.S.C. §§ 5211 & 5225. Enabled with this authority, Treasury, the Federal Housing Finance Agency, Fannie Mae, and Freddie Mac created the

**United States District Court**
For the Northern District of California

1    servicers enter into contracts with Fannie Mae, in its capacity as a financial agent of the United

2    States, to perform loan modification services in exchange for financial incentives.  Plaintiffs allege

3    that although they met the minimum eligibility requirements for a loan modification under HAMP,

4    Bank of America nevertheless foreclosed upon their home and sold it before rendering a decision on

5    their HAMP loan modification application.

6         Plaintiffs filed the instant action against Defendants, alleging numerous violations under

7    federal and California law.  Docket No. 1 ("Complaint").  Plaintiffs' federal claims are for breach of

8    contract, violation of procedural due process under the Fifth Amendment, mail fraud, conspiracy to

9    commit mail fraud, and civil RICO.  Id.  Defendants thereafter filed a motion to dismiss Plaintiffs'

10   complaint.  Docket No. 23.  Plaintiffs' opposed Defendants' motion, and oral argument was heard

11   on December 7, 2010.  Docket Nos. 35, 45.

12                                   **LEGAL STANDARD**

13        On motion, a court may dismiss a complaint for failure to state a claim.  FED. R. CIV. P.

14   12(b)(6).  The federal rules require that a complaint include a "short and plain statement" showing

15   the plaintiff is entitled to relief.  FED. R. CIV. P. 8(a)(2).  The statement must "raise a right to relief

16   above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007).  However, only

17   plausible claims for relief with survive a motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. ___, 129

18   S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).  A claim is plausible if its factual content "allows the

19   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at

20   1949.  A plaintiff does not have to provide detailed facts, but the pleading must include "more than

21   an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 1950.

22        In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint.

23   Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  The factual

24   allegations pled in the complaint must be taken as true and reasonable inferences drawn from them

25   must be construed in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336,

26   337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing *Usher v. City of Los*

27   ──────────────────────────────────────────

28   Making Home Affordable Program, which consists of two components: (1) the Home Affordable
     Refinance Program, and (2) the Home Affordable Modification Program.  See Williams v. Geithner,
     No. 09-1959 ADM/JJG, 2009 WL 3757380, at *1-2 (D.Minn. 2009).

*Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)).  However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged."  Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "'Four factors are commonly used to determine the propriety of a motion for leave to amend.  These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'"  Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

**DISCUSSION**

A.  Defendants' Request for Judicial Notice

Defendants ask this Court to take judicial notice of six documents: (1) an Adjustable Rate Note dated and signed by plaintiff Teodora Orcilla on May 9, 2006; (2) a Deed of Trust dated and signed by Plaintiffs on May 9, 2006; (3) a Notice of Default and Election to Sell under Deed of Trust recorded with the County of Santa Clara on February 2, 2007 ("the 02/02/2007 Notice of Default"); (4) a Notice of Default and Election to Sell under Deed of Trust recorded with the County of Santa Clara on April 18, 2008 (the "04/18/2008 Notice of Default"); (5) a Notice of Trustee's Sale recorded with the County of Santa Clara on May 3, 2010; and (6) a Substitution of Trustee recorded with the County of Santa Clara on May 8, 2007.  Docket No. 23-1.

In deciding a motion to dismiss, the court is ordinarily limited to only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir. 2007).  A court may take judicial notice of facts

United States District Court
For the Northern District of California

3

that are not subject to reasonable dispute.  FED. R. EVID. 201.  Such facts include matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Five of the six documents — the Deed of Trust, the 02/02/2007 Notice of Default, the 04/18/2008 Notice of Default, the Notice of Trustee's Sale, and the Substitution of Trustee — were all recorded with the County of Santa Clara and thus are in the public record, so the Court will take judicial notice of them.

The Adjustable Rate Note is not in the public record, though, and may not be judicially noticed.  Defendants cite to the Ninth Circuit case Branch v. Tunnell for the rule that while a court generally may not consider matters beyond the pleadings on a Rule 12(b)(6) motion, "a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir.2002).  But while Branch is good law on this point, it does not provide an independent basis for judicial notice.  Thus, because the authenticity of this document is not questioned, the Court will consider it for purposes of Defendants' motion to dismiss but will deny Defendants' request for the Court to take judicial notice of it.  See Curcio v. Wachovia Mortg. Corp., No. 09-cv-2927 BTM (RBB), 2010 WL 2836828, at *7 n.1 (S.D. Cal. July 19, 2010) (denying defendants' request to take judicial notice of documents under Branch but considering the documents for purposes of a motion to dismiss).

B.  Defendants' Motion to Dismiss

1.  Breach of Contract

Plaintiffs allege that Bank of America breached the HAMP agreement between it and the federal government and for which Plaintiffs are third party beneficiaries.

Third party beneficiaries to a contract can either be intended or incidental beneficiaries.  This distinction is important here because only intended beneficiaries "gain rights against the promisor."  Hoffman v. Bank of America, N.A., No C10-2171 SI, 2010 WL 2635773 (N.D. Cal. June 30, 2010) (citing Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir.1999)).  As one district court has cogently and succinctly explained:

> One way to distinguish between incidental and intended beneficiaries is whether "the beneficiary would be reasonable in relying on the promise as manifesting an intention

United States District Court
For the Northern District of California

1    to confer a right" on the beneficiary.  Restatement (Second) of Contracts, § 302.  The
2    requirement of clear intent "is not satisfied by a contract's recitation of interested
     constituencies, vague hortatory pronouncements, statements of purpose, explicit
3    reference to a third party, or even a showing that the contract operates to the third
     parties' benefits and was entered into with them in mind."  County of Santa Clara [v.
4    Astra USA, Inc.,], 588 F.3d [1237,] 1244-45 [(9th Cir. 1999)].  In the context of
     government contracts, such as HAMP, there is a presumption that any beneficiaries
5    are only incidental beneficiaries.  "Parties that benefit from a government contract are
     generally assumed to be incidental beneficiaries, and may not enforce the contract
6    absent a clear intent to the contrary."  Klamath Water Users Protective Ass'n v.
     Patterson, 204 F.3d 1206, 1211 (9th Cir.1999).

7    Hammonds v. Aurora Loan Services LLC, No. EDCV 10-1025 AG (OPx), 2010 WL 3859069, at *3

8    (C.D. Cal. Sep. 27, 2010).

9        The vast majority of courts to consider whether borrowers are intended beneficiaries of

10   HAMP have determined that they are not.[2]  See Hoffman v. Bank of America, N.A., No C10-2171

11   SI, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (collecting cases).  Indeed, "[a]s many courts

12   have recognized, it would be unreasonable for a qualified borrower seeking a loan modification to

13   rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does

14   not actually require that the servicer modify all eligible loans, nor does any of the other language of

15   the contract demonstrate that the borrowers are intended beneficiaries."  Hoffman v. Bank of

16   America, N.A., No C10-2171 SI, 2010 WL 2635773, at *4 (N.D. Cal. June 30, 2010).  Since

17   borrowers are not intended beneficiaries of the HAMP agreement, Plaintiffs' breach of contract

18   claim necessarily fails.  Defendants' motion to dismiss is granted with prejudice as to this claim.

19        2.   Fifth Amendment Procedural Due Process

20        Plaintiffs also allege that Defendants violated their Fifth Amendment procedural due process

21   rights by failing to properly consider their loan modification application and conducting an invalid

22   trustee's sale of Plaintiffs' home.

23        The Due Process Clause of the Fifth Amendment forbids the federal government from

24   depriving persons of "life, liberty, or property, without due process of law."  U.S. CONST. amend. V.

25   "To be entitled to procedural due process, a party must show a liberty or property interest in the

---

27   [2] Plaintiffs cite one recent case in which the court found that borrowers are intended beneficiaries
28   under HAMP.  Marques v. Wells Fargo Home Mortg., No. 09-cv-1985-L (RBB), 2010 WL 3212131
     (S.D. Cal. Aug. 12, 2010).  While the court in that case laid out a reasoned decision in denying a
     motion dismiss, this Court nevertheless disagrees with its conclusion as to the plaintiffs' status as an
     intended beneficiary.

United States District Court
For the Northern District of California

benefit for which protection is sought." <u>Buckingham v. Secretary of U.S. Dept. of Agr.</u>, 603 F.3d 1073, 1081 (9th Cir. 2010) (citing <u>Morrissey v. Brewer</u>, 408 U.S. 471, 481 (1972)).

However, as several courts have noted, the HAMP regulations "did not intend to create a property interest in loan modification for mortgages in default." <u>Williams v. Geithner</u>, No. 09-1959, 2009 WL 3757380, at *6-7 (D.Minn. Nov.9, 2009). <u>See</u> <u>Huxtable v. Geithner</u>, 2010 U.S. Dist. LEXIS 91382, No. 09-cv-1846 BTM (WVG), at * 4 (S.D. Cal. Sep. 2, 2010 ) ("Congress did not intend to create an entitlement or protected property interest in HAMP modifications."). Without a protected property interest, Plaintiffs' Fifth Amendment claim necessarily fails. Defendants' motion to dismiss is granted with prejudice as to this claim.

3.   <u>Civil RICO, Mail Fraud, and Conspiracy to Commit Mail Fraud</u>

Plaintiffs further allege that Defendants violated the civil RICO statute, committed mail fraud, and conspired to commit mail fraud.

As an initial matter, the Court notes that Plaintiffs' mail fraud and conspiracy to commit mail fraud claims are completely inappropriate. These are criminal violations, and it is clear that there is no private right of action to bring them as individual claims in a civil suit. <u>Wilcox v. First Interstate Bank</u>, 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("Other than in the context of RICO, federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341."). Defendants' motion to dismiss is granted with prejudice as to these claims.

A civil plaintiff may, however, use mail fraud allegations to support a civil RICO claim. <u>Id.</u> at 533. The RICO statute makes it illegal for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity" or to conspire to do so. 18 U.S.C. §§ 1692(c), (d). Thus, to state a claim for a violation of this section, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 497 (1985).

"Racketeering activity" is defined as a number of specific criminal acts under federal and state laws. <u>See</u> 18 U.S.C. § 1961(1). Here, Plaintiffs apparently base their RICO claim on the predicate crime of mail fraud (18 U.S.C. § 1341). <u>See</u> 18 U.S.C. § 1961(1)(B). The elements of

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

mail fraud consist of (1) a scheme or artifice devised with (2) the specific intent to defraud and (3) use of the United States mails in furtherance thereof.  Orr v. Bank of America, *NT & SA*, 285 F.3d 764, 782 (9th Cir. 2002) (citation omitted).  And since Plaintiffs' predicate crimes are based upon allegations of fraud, they must be pled with particularity.  FED. R. CIV. P. 9(b); Odom v. Microsoft Corp., 486 F.3d 541, 553–54 (9th Cir. 2006).

Aside from quoting a case describing the civil RICO case and elements, Plaintiffs only allege in their complaint that they were injured in their business or property.  In their opposition, they contend that they described an "instance of mail fraud" and the "existence of a RICO enterprise" in Paragraphs 97-98 of their complaint.  In Paragraph 97, Plaintiffs' allege that ReconTrust mailed a Notice of Trustee's Sale to Plaintiffs which stated that Plaintiffs' property would be sold on May 18, 2010.  Complaint, ¶ 97.  In Paragraph 98, Plaintiffs allege that they never received a copy of the Notice of Trustee's Sale that was filed with Santa Clara County correctly stated that the sale took place on May 24, 2010.  Complaint, ¶ 98.  "Clearly," they allege, "the intent of Bank of America, its associates, and subsidiaries involved in the transaction was to defraud the Orcillas of their property."  Id.

The Court finds these allegations lacking.  First, Plaintiffs do not sufficiently allege mail fraud since it is unclear how Plaintiffs were defrauded.  Plaintiffs allege no facts to suggest that the May 18 Notice of Trustee's Sale was fraudulent when it was sent out.  Second, without properly alleging mail fraud, Plaintiffs' civil RICO claim fails since they have not alleged any predicate acts.  Third, even if Plaintiffs had properly alleged mail fraud, their civil RICO claim would not stand since they still did not sufficiently allege an enterprise or a "pattern" of racketeering activity; after all, they only attempted to allege one instance of mail fraud.  Fourth, Plaintiffs did not plead their allegations with particularity.  For instance, while Plaintiffs allege that a mailing occurred, they do not allege when they received it.

For all of these reasons, Plaintiffs' civil RICO claim fails.  Defendants' motion to dismiss is granted without prejudice as to this claim.

4.   State Law Claims

United States District Court
For the Northern District of California

1  Plaintiffs' federal claims provide the only basis for federal subject-matter jurisdiction.

2  Although a federal court may exercise supplemental jurisdiction over state law claims "that are so

3  related to claims in the action within [the court's] original jurisdiction that they form part of the

4  same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a

5  court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over

6  which it has original jurisdiction," id. § 1367(c)(3).  Indeed, unless "considerations of judicial

7  economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental

8  jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims."  United Mine

9  Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S.

10  343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of

11  the litigation, the values of judicial economy, convenience, fairness, and comity.").  Because it is not

12  clear that Plaintiffs can state a viable federal claim, the Court declines to exercise supplemental

13  jurisdiction over Plaintiffs' state law claims at this time.

<b>CONCLUSION</b>

15  Based on the foregoing:

16  1.  Defendants' motion to dismiss is granted with prejudice as to Plaintiffs' breach of contract,

17  Fifth Amendment procedural due process, mail fraud, and conspiracy to commit mail fraud

18  claims;

19  2.  Defendants motion to dismiss is granted without prejudice as to Plaintiffs' civil RICO claim;

20  and

21  3.  the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law

22  claims at this time.

23  Plaintiffs' may file an amended complaint within 30 days from the date of this order.

25  **IT IS SO ORDERED.**

26  Dated: December 16, 2010



27  _____
    HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

1    **C10-03931 HRL Notice will be electronically mailed to:**

2    Karen Page Shelar            shelark@bryancave.com, kedra.chan@bryancave.com
     Teodora Orcilia              lglbgl@live.com
3    Virgilio Orcilla             lglbgl@live.com

4    **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California