\*\* E-filed March 25, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIRGILIO ORCILLA, et al., | No. C10-03931 HRL |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO EXPUNGE LIS PENDENS** |
| v. | |
| BANK OF AMERICA, N.A., et al., | **[Re: Docket No. 71]** |
| Defendants. | |

## BACKGROUND

This case arises out of a 2006 home mortgage loan and subsequent foreclosure involving plaintiffs Virgilio and Teodora Orcilla ("Plaintiffs") and defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC"), ReconTrust Company N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Big Sur, Inc. ("Big Sur"). The loan was secured by real property formerly owned by Plaintiffs and located at 2975 Winwood Way in San Jose, California.

Plaintiffs fell behind on their monthly mortgage payments and sought a loan modification pursuant to the Home Affordable Modification Program ("HAMP") agreement entered into between the United States federal government and Bank of America.[1] Under this program, individual loan

---

[1] In October 2008, Congress passed the Emergency Economic Stabilization Act ("EESA"). 12 U.S.C. § 5201. The EESA allocated money to the U.S. Department of the Treasury ("Treasury") to restore liquidity and stability to the financial system and also established the Troubled Asset Relief Program, which was intended to reduce foreclosures. 12 U.S.C. §§ 5211 & 5225. Enabled with this authority, Treasury, the Federal Housing Finance Agency, Fannie Mae, and Freddie Mac created the

1  servicers enter into contracts with Fannie Mae, in its capacity as a financial agent of the United
2  States, to perform loan modification services in exchange for financial incentives. Plaintiffs allege
3  that although they met the minimum eligibility requirements for a loan modification under HAMP,
4  Bank of America nevertheless foreclosed upon their home and sold it before rendering a decision on
5  their HAMP loan modification application. Plaintiffs allege that Defendants violated the Racketeer
6  Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"), and a host of state law
7  claims. Docket No. 50 ("First Amended Complaint").

8  On February 25, 2011, this Court approved Plaintiffs' notice of lis pendens pursuant to Cal.
9  Code Civ. Proc. § 405.21. Docket No. 61. Plaintiffs recorded the notice of lis pendens — without a
10 proof of service — with the Santa Clara County Recorder's Office that same day. Docket No. 71-3
11 ("RJN"), Ex. 6.[2] Big Sur did not know that the notice of lis pendens had been approved by this
12 Court or had been recorded until March 7, 2011.[3] Docket No. 72-1 ("Kasik Decl.") ¶ 11. On March
13 10, 2011, Big Sur moved to expunge Plaintiffs' notice of lis pendens. Docket No. 71.

14 Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination
15 without oral argument, and the March 29, 2011 hearing is vacated.

## LEGAL STANDARD

17 Federal courts look to state law in matters concerning lis pendens. 28 U.S.C. § 1964. "A
18 party to an action who asserts a real property claim may record a notice of pendency of action in
19 which that real property claim is alleged." Cal. Code Civ. Pro. § 405.20. The purpose of a lis

---

Making Home Affordable Program, which consists of two components: (1) the Home Affordable Refinance Program, and (2) the Home Affordable Modification Program. See Williams v. Geithner, No. 09-1959 ADM/JJG, 2009 WL 3757380, at *1-2 (D. Minn. 2009).

[2] A court may take judicial notice of facts that are not subject to reasonable dispute. FED. R. EVID. 201. Such facts include matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Because Plaintiffs' notice of lis pendens was recorded with the Santa Clara County Recorder's Office, it is a matter of public record, and the Court will take judicial notice of it.

[3] On September 10, 2010, Plaintiffs filed a request for approval of notice of pendency of action. Docket Nos. 8, 9. According to the certificate of service submitted along with it, Plaintiffs never served Big Sur with a copy of their request. Docket No. 8 at 5. In fact, there is no indication on the docket that Big Sur was ever properly served with the complaint and summons. Indeed, the summons issued to Big Sur was returned as unexecuted on November 2, 2011. Docket No. 32. Big Sur did not appear in this action until March 10, 2011, after it learned of the notice of lis pendens that Plaintiffs recorded.

2

pendens is to give "constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." BGJ Associates, LLC v. Super. Ct., 75 Cal. App.4th 952, 966 (2000). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." Id. Once filed, a lis pendens clouds title and, in effect, prevents the property's transfer until the litigation is resolved or the lis pendens is expunged. Id. Because of the "serious consequences flowing from it," lis pendens "is a provisional remedy which should be applied narrowly." Id. at 967.

Before recording the notice of lis pendens, copies of it must be mailed, "by registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim as shown by the latest county assessment roll." Cal. Code Civ. Pro. § 405.22. "If there is no known address for service on an adverse party or owner, then as to that party or owner a declaration under penalty of perjury to that effect may be recorded instead of the proof of service required above, and the service on that party or owner shall not be required." Id. Further, "[i]mmediately following recordation, a copy of the notice shall also be filed with the court in which the action is pending." Id.

"Any notice of pendency of action shall be void and invalid as to any adverse party or owner of record unless the requirements of Section 405.22 are met for that party or owner and a proof of service in the form and content specified in Section 1013a has been recorded with the notice of pendency of action." Cal. Code Civ. Pro. § 405.23.

The claimant has the burden of proof on a motion to expunge the claimant's notice of lis pendens. See Cal. Code Civ. Pro. § 405.30.

**DISCUSSION**

Defects in the service or filing of a notice of lis pendens are grounds for expungement. Cal. Code Civ. Pro § 405.23; see also Hutson v. American Home Mortg. Servicing, Inc., No. C 09-1951 PJH, 2009 WL 3353312, at * 17 (N.D. Cal. Oct. 16, 2009); McKnight v. Super. Ct., 170 Cal.App.3d 291, 303 (1985).

1    As stated above, this Court approved Plaintiffs' notice of lis pendens on February 25, 2011,
2 and Plaintiffs recorded it that same day. It did not include a proof of service. RJN, Ex. 6. Indeed,
3 Big Sur did not learn of — let alone receive a copy by registered or certified mail, return receipt
4 requested — the notice of lis pendens until March 7, 2011. Kasik Decl. ¶ 11. Nor did Plaintiffs
5 submit any declaration stating that there was no known address for Big Sur. RJN, Ex. 6. Since
6 Plaintiffs did not fulfill the requirements of Cal. Code Civ. Pro. § 405.22 prior to recording the
7 notice of lis pendens with the Santa Clara County Recorder, the notice of lis pendens is void and
8 invalid. Cal. Code Civ. Pro. § 405.23. Therefore, expunging the notice of lis pendens is proper.

9    Big Sur also requests an award of attorney's fees and costs associated with the filing of this
10 motion. Cal. Code Civ. Pro. § 405.38 provides that "[t]he court shall direct that the party prevailing
11 on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or
12 opposing the motion unless the court finds that the other party acted with substantial justification or
13 that other circumstances make the imposition of attorney's fees and costs unjust." Because the
14 present record indicates that Plaintiffs are experiencing financial difficulties, an award of attorney's
15 fees and costs would be unjust. Accordingly, Big Sur's request for an award of attorney's fees and
16 costs is denied.

**CONCLUSION**

Based on the foregoing, Big Sur's motion to expunge Plaintiff's notice of lis pendens is GRANTED.[4] Big Sur shall record a certified copy of this expungement order pursuant to Cal. Code Civ. Pro. § 405.60. Big Sur's request for an award of attorney's fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: March 25, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

4

**C10-03931 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Deborah Anne Goldfarb | deborah.goldfarb@bryancave.com, grace.wayte@bryancave.com |
| Julia M. Wei | julia@advocate4u.com |
| Karen Page Shelar | shelark@bryancave.com |
| Nadia Marie Bishop | bishopn@bryancave.com, pilar.leano@bryancave.com |
| Peter N. Brewer | pbrewer@brewerfirm.com, julia@brewerfirm.com |
| Virgilio Llarenas Orcilla | lglbgl@live.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

5