\*\* **E-filed April 25, 2011** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIRGILIO ORCILLA, et al., | No. C10-03931 HRL |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' REQUEST FOR APPROVAL OF NOTICE OF PENDENCY OF ACTION** |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | [Re: Docket Nos. 53, 70 & 83] |

## BACKGROUND

This case arises out of a 2006 home mortgage loan and subsequent foreclosure involving plaintiffs Virgilio and Teodora Orcilla ("Plaintiffs") and defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC"), ReconTrust Company N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Big Sur, Inc. ("Big Sur") (collectively, "Defendants"). The loan was secured by Plaintiffs' property in Santa Clara County, California.

Plaintiffs fell behind on their monthly mortgage payments and their home was eventually foreclosed upon and sold at auction to Big Sur. Plaintiffs filed the instant action against Defendants, alleging numerous violations under federal and California law. Docket No. 1. In their original complaint, Plaintiffs' federal claims were for breach of contract, violation of procedural due process

under the Fifth Amendment, mail fraud, conspiracy to commit mail fraud, and violation of civil RICO. See id.

In December 2010, the Court dismissed Plaintiffs' breach of contract, Fifth Amendment procedural due process, mail fraud, and conspiracy to commit mail fraud claims with prejudice and their civil RICO claim without prejudice. Docket No. 47. The Court declined to exercise supplemental jurisdiction over their state law claims. Id.

Plaintiffs' thereafter filed an amended complaint asserting the following claims: (1) violation of Cal. Civ. Code § 2923.5 (the Peralta Mortgage Relief Act); (2) violation of Cal. Civ. Code § 2924; (3) violation of Cal. Civ. Code § 2924b; (4) violation of Cal. Civ. Code § 2924f; (5) violation of Cal. Civ. Code § 3294; (6) violation of Cal. Bus. & Prof. Code § 17200; (7) unjust enrichment; (8) quiet title; (9) breach of deed of trust/written contract; (10) breach of verbal contract; (11) unlawful and unfair acts and practices under "U.S. Bus. & Prof. Code § 17200"; (12) conspiracy to defraud; and (13) violation of civil RICO. See Docket No. 50 ("First Amended Complaint" or "FAC").

Defendants filed two separate motions to dismiss the First Amended Complaint. One motion was filed by Bank of America, BAC, ReconTrust, and MERS (Docket No. 53 ("BofA MTD")); the other was filed by Big Sur (Docket No. 70 ("Big Sur MTD")). Plaintiffs oppose both motions. Docket Nos. 64, 84. Oral argument is set for April 26, 2011.

Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the April 26, 2011 hearing is vacated.

**LEGAL STANDARD**

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007). However, only plausible claims for relief with survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at

1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

**DISCUSSION**

A. Plaintiffs' Only Federal Claim: Civil RICO

Plaintiffs once again claim that Defendants violated the RICO statute. This is their only federal claim.[1]

---

[1] In both their original complaint and their First Amended Complaint, Plaintiffs included a claim for violation of "U.S. Bus. & Prof. Code § 17200." In Plaintiffs' letter to the Court that accompanied their First Amended Complaint, they stated that the Court "did not dismiss our federal claim of

3

As the Court explained in its previous order dismissing Plaintiffs' original complaint, the RICO statute makes it illegal for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity" or to conspire to do so. 18 U.S.C. §§ 1692(c), (d). Thus, to state a claim for a violation of this section, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497 (1985).

"Racketeering activity" is defined as a number of specific criminal acts under federal and state laws. See 18 U.S.C. § 1961(1). As they did in their original complaint, Plaintiffs base their RICO claim on the predicate crime of mail fraud (18 U.S.C. § 1341). See 18 U.S.C. § 1961(1)(B). The elements of mail fraud consist of (1) a scheme or artifice devised with (2) the specific intent to defraud and (3) use of the United States mails in furtherance thereof. Orr v. Bank of America, *NT & SA*, 285 F.3d 764, 782 (9th Cir. 2002) (citation omitted). And since Plaintiffs' predicate crime is based upon allegations of fraud, it must be pled with particularity. FED. R. CIV. P. 9(b); Odom v. Microsoft Corp., 486 F.3d 541, 553–54 (9th Cir. 2006).

While Plaintiffs did add many additional allegations in their First Amended Complaint (see FAC ¶¶ 151-175), they still have not adequately alleged a civil RICO claim. Most clearly, Plaintiffs fail to sufficiently allege the existence of a RICO "enterprise." "An enterprise is a 'group of persons associated together for a common purpose of engaging in a course of conduct,' and is proved by evidence of 'an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.'" Vertkin v. Wells Fargo Home Mortg., No. C10-0775 RS, 2011 WL 175518, at *4 (N.D. Cal. Jan. 18, 2011) (quoting United States v. Turkette, 452 U.S. 576, 583 (1981)). Plaintiffs, however, only allege that "Defendants conducted the enterprise through a series of fraudulent acts including numberous [sic] acts of mail fraud," and that "Defendants

---

unlawful and unfair acts and practices under U.S. Bus. & Prof. Code § 17200." Docket No. 51. This statement does not make sense because, quite simply, this statute does not exist. There is no United States Business and Professions Code. If Plaintiffs mean to allege a violation of California Business and Professions Code § 17200, they have already done that. But it is not a federal claim. The only federal claim that appears in Plaintiffs' First Amended Complaint is their one for violation of civil RICO.

4

1  conducted, organized, directed, controlled, and carried out the criminal racketeering enterprise and
2  activities at issue." FAC ¶¶ 156, 167. They go on to allege that "Defendants" (presumably all of
3  them) used the mails in furtherance of their allegedly fraudulent scheme. See id. ¶¶ 157-175. These
4  vague allegations are conclusory and clearly are not pled with particularity.

5        It is not surprising, then, that Plaintiffs also do not allege anything about the nature of the
6  alleged enterprise or each defendant's role in it. See Mallari v. JPMorgan Chase, No. C11–00295 SI,
7  2011 WL 1447609, at *2 (N.D. Cal. Apr. 14, 2011) (dismissing civil RICO claim where plaintiff
8  also failed to do so). Instead, Plaintiffs attempt to link Bank of America "in a conspiracy of sorts"
9  with the other entities involved in the foreclosure and subsequent trustee's sale. See Vertkin v.
10 Wells Fargo Home Mortg., No. C10-0775 RS, 2011 WL 175518, at *4 (N.D. Cal. Jan. 18, 2011)
11 (describing a similar "conspiracy of sorts" and dismissing civil RICO claim). All they have done,
12 however, is allege parallel conduct. In essence, Plaintiffs allege that a lender (Bank of America)
13 improperly foreclosed on a deed of trust and another entity (Big Sur) purchased the property at a
14 trustee's sale. These, however, "are actions suggestive not of a cohesive unit, but of separate entities
15 engaged in California's non-judicial foreclosure process." Id. While Plaintiffs conclude that
16 Defendants acted in concert to defraud Plaintiffs out of their home, they do not allege any facts
17 "plausibly indicative of anything more than lawful parallel conduct." Id. And without doing so,
18 Plaintiffs' civil RICO claim fails. See Twombly, 550 U.S. at 557 ("An allegation of parallel conduct
19 is thus much like a naked assertion of conspiracy . . . : it gets the complaint close to stating a claim,
20 but without some further factual enhancement it stops short of the line between possibility and
21 plausibility of entitlement to relief.").

22       In addition, Plaintiffs again fail to allege a "pattern" of racketeering activity. "In order to
23 establish a pattern, a plaintiff must show 'that the racketeering predicates are related, *and* that they
24 amount to or pose a threat of continued criminal activity.'" Kennedy Funding, Inc. v. Chapman, No.
25 C09-01957 RS, 2010 WL 4509805, at *4 (N.D. Cal. Nov. 1, 2010) (quoting H.J. Inc. v.
26 Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989)) (emphasis in original). Plaintiffs
27 describe several allegedly fraudulent mailings during April 2010 (see FAC ¶¶ 163-64), but all were
28 allegedly made to defraud Plaintiffs out of their Property. "A pattern, however, requires more than

one scheme with a "'single purpose which happen[s] to involve more than one act . . . to achieve that purpose.'" Kennedy Funding, 2010 WL 4509805, at *5 (quoting Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1535 (9th Cir. 1992) (distinguishing "a single episode" involving a number of acts from "a series of separate, related acts"). Plaintiffs also fail to establish "continued" criminal activity. See id. (citing Sever, 978 F.2d at 1536 (explaining "predicate acts designed to bring about a single event . . . [do] not pose a threat of continuity")). And although Plaintiffs allege that Bank of America engaged in questionable practices with respect to thousands of mortgages, this general accusation does not support their claim that "Defendants" engaged in a pattern of racketeering activity. See id.

In sum, Plaintiffs fail for a second time to sufficiently allege a civil RICO claim, despite adding numerous allegations. Given these circumstances, the Court believes that further amendment of this claim would be futile. Plaintiffs' allegations center around Defendants' alleged failure to properly follow the California statutory requirements for conducting a non-judicial foreclosure. The facts alleged do not suggest a RICO conspiracy. Simply put, this is not a federal case. Accordingly, Plaintiffs' civil RICO claim is dismissed with prejudice.[2]

B. Plaintiffs' Remaining State Law Claims

Plaintiffs' civil RICO claim provides the only basis for federal subject-matter jurisdiction. Although a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," id. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of

---

[2] Defendants request that the Court take judicial notice of numerous documents related to the foreclosure upon Plaintiffs' property. Docket Nos. 54, 70-1. Because these documents are not relevant to this Court's consideration of Plaintiffs' only federal claim, Defendants' request is moot.

the litigation, the values of judicial economy, convenience, fairness, and comity."). Because the Court has dismissed Plaintiffs' civil RICO claim, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

## CONCLUSION

Based on the foregoing, Defendants' motions to dismiss are GRANTED with prejudice as to Plaintiffs' civil RICO claim, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.[3] The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: April 25, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiffs filed a second request for approval of their notice of lis pendens. Docket No. 83. This Court previously granted, and later expunged, Plaintiffs' prior notice of lis pendens. Docket Nos. 61, 81. Since this Court has dismissed Plaintiffs' only federal claim, it declines to grant Plaintiffs' request.

7

**C10-03931 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Deborah Anne Goldfarb | deborah.goldfarb@bryancave.com, grace.wayte@bryancave.com |
| Julia M. Wei | julia@advocate4u.com |
| Karen Page Shelar | shelark@bryancave.com |
| Nadia Marie Bishop | bishopn@bryancave.com, grace.wayte@bryancave.com |
| Peter N. Brewer | pbrewer@brewerfirm.com, julia@brewerfirm.com |
| Virgilio Llarenas Orcilla | lglbgl@live.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**