\*\* E-filed June 17, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIRGILIO ORCILLA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants.<br>_____/ | No. C10-03931 HRL<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>**[Re: Docket No. 95]** |

**BACKGROUND**

This case arose out of a 2006 home mortgage loan and subsequent foreclosure involving plaintiffs Virgilio and Teodora Orcilla ("Plaintiffs") and defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC"), ReconTrust Company N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Big Sur, Inc. ("Big Sur") (collectively, "Defendants"). Plaintiffs asserted the following claims: (1) violation of Cal. Civ. Code § 2923.5 (the Peralta Mortgage Relief Act); (2) violation of Cal. Civ. Code § 2924; (3) violation of Cal. Civ. Code § 2924b; (4) violation of Cal. Civ. Code § 2924f; (5) violation of Cal. Civ. Code § 3294; (6) violation of Cal. Bus. & Prof. Code § 17200; (7) unjust enrichment; (8) quiet title; (9) breach of deed of trust/written contract; (10) breach of verbal contract; (11) unlawful and unfair acts and practices under "U.S. Bus. & Prof. Code § 17200"; (12) conspiracy to defraud; and

(13) violation of 18 U.S.C. § 1961-1968 ("Civil RICO"). <u>See</u> Docket No. 50 ("First Amended Complaint" or "FAC").

Defendants filed two separate motions to dismiss the First Amended Complaint.[1] On April 25, 2011, the Court granted the motions and dismissed Plaintiffs' sole[2] federal law claim – Civil RICO – and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. Docket No. 93 ("April 25 Order"). Judgment was entered against Plaintiffs. Docket No. 94.

Roughly one month later, Plaintiffs filed a motion for reconsideration which argues that the Court failed to dismiss their "federal claim" under "United States Business and Professions Code § 17200" and so the Court could have exercised supplemental jurisdiction over their state law claims after all. Docket No. 95. Defendants opposed the motion. Docket Nos. 98, 99.

Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the June 28, 2011 hearing is vacated.

## LEGAL STANDARD

Motions for reconsideration are addressed in this District's Civil Local Rule 7-9. It provides in full:

> **(a) Leave of Court Requirement.** Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> **(b) Form and Content of Motion for Leave.** A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the

---

[1] One motion was filed by Bank of America, BAC, ReconTrust, and MERS (Docket No. 53); the other was filed by Big Sur (Docket No. 70).

[2] In its order, the Court explained in a footnote: "In both their original complaint and their First Amended Complaint, Plaintiffs included a claim for violation of 'U.S. Bus. & Prof. Code § 17200.' In Plaintiffs' letter to the Court that accompanied their First Amended Complaint, they stated that the Court 'did not dismiss our federal claim of unlawful and unfair acts and practices under U.S. Bus. & Prof. Code § 17200.' Docket No. 51. This statement does not make sense because, quite simply, this statute does not exist. There is no United States Business and Professions Code. If Plaintiffs mean to allege a violation of California Business and Professions Code § 17200, they have already done that. But it is not a federal claim. The only federal claim that appears in Plaintiffs' First Amended Complaint is their one for violation of civil RICO." Docket No. 93 at 3 n.1.

2

interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

**(2)** The emergence of new material facts or a change of law occurring after the time of such order; or

**(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

**(c) Prohibition Against Repetition of Argument.** No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

**(d) Determination of Motion.** Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider. If the judge decides to order the filing of additional papers or that the matter warrants a hearing, the judge will fix an appropriate schedule.

Civ. L. R. 7-9. See also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (Absent "other, highly unusual, circumstances," "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (citing All Hawaii Tours, Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988)).

## DISCUSSION

Plaintiffs' motion lacks merit. First, Plaintiffs failed to obtain leave of court before filing their motion for reconsideration. Civil Local Rule 7-9(a) makes clear that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Plaintiffs did just that.

Second, Civil Local Rule 7-9(a) also makes clear that motions for reconsideration may only be made before the entry of judgment. Here, the Court entered judgment against Plaintiffs about one month before they filed their motion.

Third, even if these procedural errors were not present, Plaintiffs have failed to satisfy the necessary standard for the Court to grant them leave to file a motion for reconsideration. For one,

3

the basis of their motion – that the Court failed to dismiss all of their federal law claims – is clearly wrong and was already addressed by the Court in the April 24 Order.[3] Further, Plaintiffs failed to show that there now is material difference in fact or law from that which was presented to the Court, that there are new material facts or a change of law that occurred after the time of the April 24 Order, or that the Court manifestly failed to consider material facts or dispositive legal arguments which were presented to it.[4] See Civ. L.R. 7-9(b)(1)-(3). Rather, Plaintiffs reargue the same arguments they made when the Court considered Defendants' motions to dismiss.

In these circumstances, Plaintiffs' motion for reconsideration is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: June 17, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiffs appear to concede this point in their reply brief. See Docket No. 101 at 2.

[4] Nor have Plaintiffs shown any of the grounds for the Court to grant them relief from a judgment or order under Federal Rule of Civil Procedure 60. See FED. R. CIV. P. 60.

**C10-03931 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Deborah Anne Goldfarb | deborah.goldfarb@bryancave.com, grace.wayte@bryancave.com |
| Julia M. Wei | julia@advocate4u.com |
| Karen Page Shelar | shelark@bryancave.com |
| Nadia Marie Bishop | bishopn@bryancave.com, grace.wayte@bryancave.com |
| Peter N. Brewer | pbrewer@brewerfirm.com, julia@brewerfirm.com |
| Virgilio Llarenas Orcilla | lglbgl@live.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**